IN RE:

**Willie James Holloman, Jr.**

S.S.# __xxx-xx-9168__

**Debtor**

and

S.S.#_____

**Joint-Debtor**

Debtor(s)

_____/

CASE NO. **15-56821-pjs**
CHAPTER 13
JUDGE **Phillip J. Shefferly**

**PLAN SUMMARY**

*For informational purposes only.*

ACP: __36__ Months
Minimum Plan Length: __60__ Months
Plan payment: $__9,643.20__ per Month
Minimum dividend to Class 9 Creditors $ __18,718.84__
Percentage of Tax Refunds committed __100% in excess of 12 times pro-ration on Schedule I__

**FIRST AMENDED CHAPTER 13 PLAN**

[ ] Original     **OR**     [X]Pre-Confirmation Modification # 1     []Post-Confirmation Modification #

**NOTICE TO CREDITORS:**
**YOUR RIGHTS MAY BE AFFECTED. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED.**
**READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY**.

I.  **STANDARD MODEL PLAN; INCORPORATION OF ADDITIONAL TERMS, CONDITIONS AND PROVISIONS; ALTERATIONS NOTED:**

   A.  **THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM or WWW.MIEB.USCOURTS.GOV.**

   **INTERESTED PARTIES MAY ALSO OBTAIN A WRITTEN COPY OF THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS APPLICABLE TO CHAPTER 13 PLANS FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.**

   B.  This Plan conforms in all respects to the Standing Chapter 13 Trustees' Model Plan which is referenced in Administrative Order 12-05 issued by the U.S. Bankruptcy Court for the Eastern District of Michigan. Those sections of this Plan that vary from the Model Plan are listed in this paragraph (any alterations not stated in this section are void):
   **III.B.1; IV.B.; V.D.; V.F.; V.H.; V.U.; V.X.**

II. **APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:**
   A.  ☐ Debtor's Current Monthly Income exceeds the applicable State median income. Debtor's Applicable Commitment Period is 60 months. Debtor's Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

Chapter 13 Model Plan - version 3.0

1

☑ Debtor's Current Monthly Income is less than or equal to the applicable State median income. Debtor's Applicable Commitment Period is 36 months. Debtor's Plan Length shall be **60** months from the date of entry of the Order Confirming Plan. **This is a minimum Plan length**. If the Plan has not been completed in the minimum Plan length, the Plan length shall be extended as necessary for completion of the requirements of the Plan; provided that in no event will the Plan term continue beyond 60 months from the date of entry of the Order Confirming Plan. *See Paragraph J of the Additional Terms, Conditions and Provisions for additional information regarding Completion of Plan.*

If neither or both of the above boxes is checked, then the Applicable Commitment Period and the Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

B. Debtor's plan payment amount is $**9,643.20** per month.. **Debtors plan payments are hereby excused in the amount of $1,097.84 due to various, costly vehicle repairs the debtor incurred in December.**

C. Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

**FOR CASES ASSIGNED TO BAY CITY DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 50% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal and State Tax Refund pro-ration shown in Schedule I.

**FOR CASES ASSIGNED TO DETROIT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☑ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal Tax Refund pro-ration shown in Schedule I.

**FOR CASES ASSIGNED TO FLINT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor is not required to remit Federal Tax Refunds in excess of the amount of the proration shown on Schedule I.

D. ☐ if the box to the immediate left is "checked", the debtor acknowledges that debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

☐ if the box to the immediate left is "checked", the joint debtor acknowledges that joint debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

E. ☐ if the box to the immediate left is "checked", the debtor or joint debtor is self-employed **AND** incurs trade credit in the production of income from such employment. Debtor shall comply with the requirements of Title 11, United States Code, and all applicable Local Bankruptcy Rules regarding operation of the business and duties imposed upon the debtor.

III. **DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

   A. **Class One – TRUSTEE FEES** as determined by statute.

   B. **Class Two** – **ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:**

   1. **PRE-CONFIRMATION ATTORNEY FEES:** At confirmation of the Plan, Counsel shall elect to either:
      a. In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of $ **3,500.00** for services rendered plus $ **0.00** for costs advanced by Counsel, for total Attorney Fees and Costs of $ **3,500.00** through the Effective Date of the Plan. The total Attorney Fees and Costs less the sum of paid to Counsel prior to the commencement of this case as reflected in the Rule 2016(b) Statement leaving a net balance due of $ **3,400.00**, will be paid as an Administrative Expense Claim; **or**

      b. Request an award of compensation for services rendered and recovery of costs advanced by filing a separate Application for Compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 USC §327 and §330. If Counsel elects to file a fee application pursuant to this sub-paragraph, the Trustee shall escrow $**0.00** for this purpose. *See Paragraph B of the Additional Terms, Conditions and Provisions for additional informationn.*

   2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

   3. **RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES:** Debtor ☐ has retained or ☐ intends to retain the services of (name of person to be retained) as (capacity or purpose for retention) to perform professional services post-petition with fees and expenses of the professional to be paid as an Administrative Expense. *See Paragraph C of the Additional Terms, Conditions and Provisions for additional information.*

   4. **OTHER ADMINISTRATIVE EXPENSE CLAIMS:** Any administrative expense claims approved by Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

   C. **CLASS THREE – SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE.** If the Debtor and the Lienholder agree to the lien strip, the Debtor and Lienholder shall file a Stipulation in the bankruptcy case and submit a proposed Order accomplishing the lien strip. If the Debtor does not have the agreement of the Lienholder, then Debtor shall timely file an Adversary Proceeding as required by the Administrative Orders, Guidelines and Procedures promulgated by the Bankruptcy Court for the Eastern District of Michigan. *See Paragraph G and Paragraph N of the Additional Terms, Conditions and Provisions for additional information*.

| Creditor | Collateral |
|---|---|
| -NONE- | |

   D. **CLASS FOUR - SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 USC §1322(b)(5).**

   1. **Continuing Payments that come due on and after the date of the Order for Relief** *(See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Collateral | Monthly Payment | Direct, Via Trustee or Surrendered |
|---|---|---|---|
| **Michigan Homeowner Assistance** | 3032 Lexham Lane Rochester, MI 48309  Oakland County Primary Residence | 0.00 | **No payments required during the pendency of the bankruptcy - contractually does not have to be repaid as long as Debtor remains in the property** |
| **Kensington Forest Subdivision Assoc.** | 3032 Lexham Lane Rochester, MI 48309  Oakland County Primary Residence | 22.92 | **Trustee** |
| **Specialized Loan Servicing** | 3032 Lexham Lane Rochester, MI 48309  Oakland County Primary Residence | 1,461.06 | **Trustee** |

2. **Pre-Petition Arrearages to be paid by Trustee: Those amounts which were due as of the filing of the Order for Relief:**

| Creditor | Collateral | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| **Kensington Forest Subdivision Assoc.** | 3032 Lexham Lane Rochester, MI 48309  Oakland County Primary Residence | 5,209.00 | 86.82 | 60 |
| **Specialized Loan Servicing** | 3032 Lexham Lane Rochester, MI 48309  Oakland County Primary Residence | 24,512.56 | 408.54 | 60 |

E. **CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 USC §1322(c)(2).** *(See Paragraph H, Paragraph L and Paragraph O of the Additional Terms, Conditions and Provisions for additional information):*

1. **Creditors to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(B):**

| Creditor/Collateral | Indicate if crammed modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid Including Interest | Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| **Chase Auto Finance/2008 Cadillac Escalade** | **Crammed** | 20,000.00 | 5.00% | 22,645.20 | 377.42 | **Trustee** |

2. **Creditors not to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(A):**

| Creditor/Collateral | Indicate if "crammed", modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| **AA Mortgage Corp./650 Alton Pontiac, MI 48341 Oakland County 650 Alton Pontiac, MI 48341** | **Crammed** | 33,360.00 | 5.00% | 37,772.66 | 629.54 | **Trustee** |
| **City of Flint Water Department/1633 Belle Ave Flint, MI 48506** | **Modified** | 5,000.00 | 0.00% | 603.00 | 10.05 | **Trustee** |
| **City of Pontiac Treasurer/534 Franklin Pontiac, MI 48341** | **Modified** | 83,750.00 | 12.00% | 10,361.02 | 172.68 | **Trustee** |
| **City of Rochester Hills - Water Dept/3032 Lexham Lane Rochester, MI 48309 Oakland County Primary Residence** | **Modified** | 187,000.00 | 0.00% | 1,200.00 | 20.00 | **Trustee** |

| Creditor/Collateral | Indicate if "crammed", modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| **Genesee County Treasurer/1633 Belle Ave Flint, MI 48506** | **Modified** | **5,000.00** | **18.00%** | **15,236.06** | **253.93** | **Trustee** |
| **Oakland County Treasurer/650 Alton Pontiac, MI 48341** | **Modified** | **33,360.00** | **18.00%** | **31,305.10** | **521.75** | **Trustee** |
| **Oakland County Treasurer/223 Clifford Pontiac, MI 48342** | **Modified** | **18,800.00** | **18.00%** | **21,786.71** | **363.11** | **Trustee** |
| **Oakland County Treasurer/56 Dwight St. Pontiac, MI 48342** | **Modified** | **29,100.00** | **18.00%** | **16,791.98** | **279.87** | **Trustee** |
| **Oakland County Treasurer/411 Franklin Rd. Pontiac, MI 48341** | **Modified** | **24,480.00** | **18.00%** | **31,591.13** | **526.52** | **Trustee** |
| **Oakland County Treasurer/481 Jordan Street Pontiac, MI 48342** | **Modified** | **23,140.00** | **18.00%** | **11,037.46** | **183.96** | **Trustee** |
| **Oakland County Treasurer/281 Luther Street Pontiac, MI 48341** | **Modified** | **21,600.00** | **18.00%** | **31,039.29** | **517.32** | **Trustee** |
| **Oakland County Treasurer/285 Luther St. Pontiac, MI 48341** | **Modified** | **21,600.00** | **18.00%** | **10,530.90** | **175.52** | **Trustee** |
| **Oakland County Treasurer/440 Martin Luther King Blvd. Pontiac, MI 48342** | **Modified** | **19,420.00** | **18.00%** | **8775.50** | **146.26** | **Trustee** |
| **Oakland County Treasurer/516 Nebraska Pontiac, MI 48341** | **Modified** | **31,200.00** | **18.00%** | **15,203.22** | **253.39** | **Trustee** |
| **Oakland County Treasurer/479 Nevada Pontiac, MI 48341 Oakland County (2) Vacant Lots** | **Modified** | **4,100.00** | **18.00%** | **2,443.22** | **40.72** | **Trustee** |
| **Oakland County Treasurer/532 Nevada Pontiac, MI 48341 Oakland County** | **Modified** | **23,660.00** | **18.00%** | **13,099.55** | **218.33** | **Trustee** |
| **Oakland County Treasurer/21004 Reimanville Royal Oak, MI 48220 Oakland County** | **Modified** | **33,040.00** | **18.00%** | **16,676.43** | **277.94** | **Trustee** |
| **Oakland County Treasurer/Vacant Land Rochester Hills, MI Vacant Land Rochester Hills, MI 70-15-28-479-085** | **Modified** | **2,500.00** | **18.00%** | **1,399.87** | **23.33** | **Trustee** |

| Creditor/Collateral | Indicate if "crammed", modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| **Oakland County Treasurer/534 Franklin Pontiac, MI 48341 Oakland County** **Property is subject to a land contract with the Debtor's company BJ & K Ent. as the land contract vendee and Franklin Center Real Estate Ass. LLC as the land contract vendor.** | **Modified** | **83,750.00** | **18.00%** | **45,373.48** | **756.22** | **Trustee** |
| **Water Resources Commissioner/56 Dwight St. Pontiac, MI 48342 Oakland County** **56 Dwight St.** **Pontiac, MI 48342** | **Modified** | **29,100.00** | **0.00%** | **2,954.00** | **49.23** | **Trustee** |
| **Water Resources Commissioner/532 Nevada Pontiac, MI 48341 Oakland County** | **Modified** | **23,660.00** | **0.00%** | **2,954.00** | **49.23** | **Trustee** |
| **Water Resources Commissioner/281 Luther Street Pontiac, MI 48341 Oakland County** **281 Luther Street** **Pontiac, MI 48341** | **Modified** | **21,600.00** | **0.00%** | **5,283.00** | **88.05** | **Trustee** |
| **Water Resources Commissioner/440 Martin Luther King Blvd. Pontiac, MI 48342 Oakland County** **440 Martin Luther King Blvd.** **Pontiac, MI 48342** | **Modified** | **19,420.00** | **0.00%** | **2,579.00** | **42.98** | **Trustee** |
| **Water Resources Commissioner/481 Jordan Street Pontiac, MI 48342 Oakland County** **481 Jordan Street** **Pontiac, MI 48342** | **Modified** | **23,140.00** | **0.00%** | **2,231.00** | **37.18** | **Trustee** |
| **Water Resources Commissioner/516 Nebraska Pontiac, MI 48341 Oakland County** **516 Nebraska** **Pontiac, MI 48341** | **Modified** | **31,200.00** | **0.00%** | **3,280.00** | **54.67** | **Trustee** |
| **Water Resources Commissioner/650 Alton Pontiac, MI 48341 Oakland County** **650 Alton** **Pontiac, MI 48341** | **Modified** | **33,360.00** | **0.00%** | **1,910.00** | **31.83** | **Trustee** |

| Creditor/Collateral | Indicate if "crammed", modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| **Water Resources Commissioner/223 Clifford Pontiac, MI 48342 Oakland County**<br>**223 Clifford**<br>**Pontiac, MI 48342** | **Modified** | 18,800.00 | 0.00% | 1,306.00 | 21.77 | **Trustee** |
| **Water Resources Commissioner/534 Franklin Pontiac, MI 48341 Oakland County**<br>**Property is subject to a land contract with the Debtor's company BJ & K Ent. as the land contract vendee and Franklin Center Real Estate Ass. LLC as the land contract vendor.** | **Modified** | 83,750.00 | 0.00% | 4,813.00 | 80.22 | **Trustee** |
| **Water Resources Commissioner/285 Luther St. Pontiac, MI 48341 Oakland County**<br>**285 Luther Street**<br>**Pontiac, MI 48341** | **Modified** | 21,600.00 | 0.00% | 3,405.00 | 56.75 | **Trustee** |
| **Water Resources Commissioner/411 Franklin Rd. Pontiac, MI 48341 Oakland County**<br>**411 Franklin Road**<br>**Pontiac, MI 48341** | **Modified** | 24,480.00 | 0.00% | 11,100.00 | 185.00 | **Trustee** |

F. **CLASS SIX – EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(b)(7):** –
**Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1.** *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):*

1. **Continuing Lease/Contract Payments:**

| Creditor | Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|---|
| **Joe H. Ingram - Lessee** | 223 Clifford | **Debtor is Lessor** | Month-to-Month | **Direct** |
| **George Franklin -Choya Dobra - Lessee** | 1633 Belle Ave | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Adriane Holmes - Lessee** | 440 Martin Luther King Blvd. | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Franklin Center Real Estate Ass. LLC** | **534 Franklin Pontiac, MI 48341 Oakland County**<br>**Property is subject to a land contract with the Debtor's company BJ & K Ent. as the land contract vendee and Franklin Center Real Estate Ass. LLC as the land contract vendor.** | 0.00 | | **Paid off by BJ & K Enterprises prior to confirmation.** |
| **James King - Lessee** | 532 Nevada | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Paul Pawlowski - Lessee** | 452 Arthur | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Corey Osentoski - Lessee** | 452 Arthur | **Debtor is Lessor** | **Month-to-Month** | **Direct** |

| Creditor | Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|---|
| **Michael McCarty - Lessee** | **452 Arthur** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Tommel Terry - Lessee** | **452 Arthur** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **James Berlinger - Lessee** | **452 Arthur** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Brandon Smith - Lessee** | **452 Arthur** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Rudolph Armstrong - Lessee** | **452 Arthur** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Altonnie Carrington - Lessee** | **56 Dwight** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Peter Smith - Lessee** | **56 Dwight** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Franz Sarnol - Lessee** | **411 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Robert McDaniel - Lessee** | **411 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Franklin Fleming - Lessee** | **411 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Kevin Johnson - Lessee** | **411 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Rodger Kirk - Lessee** | **411 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Lavarne Manley - Lessee** | **411 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Kevin McHale - Lessee** | **411 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Mark Protiua - Lessee** | **411 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Emmanuel Wilson - Lessee** | **534 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Tim Snoddy - Lessee** | **534 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Randy McRae - Lessee** | **534 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **David Greer - Lessee** | **534 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Edward Watkins - Lessee** | **534 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Carlos Chester - Lessee** | **534 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Dylan Pruden - Lessee** | **534 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Keith Johnson - Lessee** | **534 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Robert Ganfi - Lessee** | **534 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Gregory Burch - Lessee** | **534 Franklin Rd.** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Eddie Lucas - Lessee** | **281 Luther** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Robert Valiquette - Lessee** | **281 Luther** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |

| Creditor | Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|---|
| **Dwayne Lewis - Lessee** | **281 Luther** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Kenneth Delicata - Lessee** | **285 Luther** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Troy Klein - Lessee** | **285 Luther** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Travis Hardent - Lessee** | **285 Luther** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Henry Porter - Lessee** | **285 Luther** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Vernon Sheppard - Lessee** | **285 Luther** | **Debtor is Lessor** | **Month-to Month** | **Direct** |
| **Michael Sharpton - Lessee** | **285 Luther** | **Debtor is Lessor** | **Month-to-Month** | **Direct** |
| **Rodger Shealy - Lessee** | **516 Nebraska** | **Debtor is Lessor** | **Month-to-Month** | **Debtor** |
| **Virgil Korous - Lessee** | **516 Nebraska** | **Debtor is Lessor** | **Month-to-Month** | **Debtor** |
| **Johnny Brown - Lessee** | **516 Nebraska** | **Debtor is Lessor** | **Month-to- Month** | **Debtor** |
| **Anthony McFerrin - Lessee** | **516 Nebraska** | **Debtor is Lessor** | **Month-to-Month** | **Debtor** |
| **Randy Maddox - Lessee** | **481 Jordan** | **Debtor is Lessor** | **Month-to-Month** | **Debtor** |
| **Jessica White - Lessee** | **481 Jordan** | **Debtor is Lessor** | **Month-to-Month** | **Debtor** |
| **Michelle Dickerson - Lessee** | **481 Jordan** | **Debtor is Lessor** | **Month-to-Month** | **Debtor** |
| **Carol Corley - Lessee** | **481 Jordan** | **Debtor is Lessor** | **Month-to-Month** | **Debtor** |
| **Robyn Allen - Lessee** | **481 Jordan** | **Debtor is Lessor** | **Month-to-Month** | **Debtor** |
| **Danielle Williams - Lessee** | **650 Alton** | **Debtor is Lessor** | **Month-to-Month** | **Debtor** |

**2. Pre-petition Arrearages on Assumed Executory Contracts and Leases** *(to be paid by Trustee)*:

| Creditor | Property | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| **-NONE-** | | | | |

**3. Debtor rejects the executory contracts and unexpired leases listed in this subparagraph 3. Any unexpired lease or executory contract that is neither expressly assumed in Class 6.1 above or expressly rejected below shall be deemed rejected as of the date of confirmation of debtor's chapter 13 plan to the same extent as if that unexpired lease or executory contract was listed below. (See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):**

| Creditor | Property |
|---|---|
| **-NONE-** | |

G. **CLASS SEVEN – PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2).**

1. **Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order for Relief:**

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|

Chapter 13 Model Plan - version 3.0

9

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

15-56821-pjs    Doc 87    Filed 01/23/17    Entered 01/23/17 17:49:36    Page 9 of 13

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|
| -NONE- | | |

**2. Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief:**

| Creditor | Arrears Amount | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|
| -NONE- | | | |

**3. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]**

| Creditor | Amount | Direct or Via Trustee |
|---|---|---|
| -NONE- | | |
| | | |
| | | |

H. **CLASS EIGHT – SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1):** *(To be paid by Trustee): (See Paragraph M of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| -NONE- | | | |

I. **CLASS NINE - GENERAL UNSECURED CLAIMS** *(to be paid by Trustee): – See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

    ☑    This Plan shall provide a total sum for distribution to creditors holding Class 9 General Unsecured claims in an amount that is not less than the Amount Available in Chapter 7 shown on Attachment 1, Liquidation Analysis and Statement of Value of Encumbered Property (the "Unsecured Base Amount"). This Plan shall provide either (i) the Unsecured Base Amount; or (ii) will continue for the full Plan Length as indicated in Paragraph II.A of this Plan, which ever yields the greater payment to Class 9 Unsecured Creditors. *See Attachment 2, Chapter 13 Model Worksheet, Line 8, for additional information concerning funds estimated to be available for payment to Class 9 Unsecured Creditors.*

    ☐    This Plan shall provide a dividend to holders of Class 9 General Unsecured Claims equal to 100% of allowed claims.

If neither box is checked or if both boxes are checked, then the plan shall pay the Unsecured Base Amount.

IV. **OTHER PROVISIONS:**

A.   ☐ if the box to the immediate left is "checked", creditors holding claims in Class Seven, Eight and Nine shall receive interest on their allowed claims at the rate of **0.00%** per annum as required by 11 USC ˜1325(a)(4).

B. **The Paragraphs below (as listed in Section I. B) from Section V. of the Chapter 13 Model Plan – version 3.0 are hereby changed, altered, replaced or deleted, with the correct reading of each of these provisions as follows**:

Section V. D.: <u>POST-CONFIRMATION ATTORNEY FEES & COSTS BY SEPARATE APPLICATION</u>: Counsel reserves the right to file Applications for compensation for services rendered subsequent to the Confirmation of this Plan.

V.F.; ORDER OF PAYMENT OF CLAIMS: All claims for which this Plan proposes payment through the Trustee shall be paid in the following order to the extent that funds are available:
Level 1: Class 1
Level 2: Class 5.1
Level 3: Classes 2.1 and 2.3
Level 4: Classes 2.2 and 2.4
Level 5: Classes 4.1 and 6.1
Level 6: Classes 4.2, 5.2 and 6.2
Level 7: Class 7

Level 8: Classes 3, 8 and 9.

Each level shall be paid as provided in this Plan before any disbursements are made to any subordinate class. If there are not sufficient funds to pay all claims within a level, then the claims in that level shall be paid pro rata.

Section V. H.: <u>CLASS 5.1 AND CLASS 6.1 CREDITORS SPECIFIED TO RECEIVE EQUAL MONTHLY PAYMENTS</u>: Creditors identified in Class 5.1 or 6.1 will receive Equal Monthly Payments to the extent funds are available at the date of each disbursement. If more than one creditor is scheduled in Class 5.1 and 6.1 and the funds available in any disbursement are insufficient to pay the full Equal Monthly Payments to all of the listed creditors, payments shall be made on a *pro rata* basis determined by the ratio of the Equal Monthly Payment specified to each creditor to the total amount of Equal Monthly Payments to all creditors in Class 5.1 and Class 6.1. The amount of the Equal Monthly Payment to any creditor shall be the amount stated in Class 5.1 or Class 6.1 as may be applicable.

The monthly post-confirmation disbursement to any creditor designated in Class 5.1 or Class 6.1 will not exceed the Equal Monthly Payment amount for that creditor for the month in which disbursement is being made plus any previously unpaid Equal Monthly Payments accruing before the date of disbursement.

Section V. U.: <u>DEBTOR DUTY TO MAINTAIN INSURANCE</u>: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property.

Section V. X.: <u>DEADLINES IN EVENT OF CONVERSION</u>: In the event of conversion of this case to a case under Chapter 7 of the United States Bankruptcy Code, the rights of the Chapter 7 Trustee and all creditors (including but not limited to the right to object to discharge pursuant to 11 U.S.C. Section 727 and/or dischargeability pursuant to 11 USC Section 523) will be determined as if the Petition was filed on the date of conversion. The date of the Order converting this case to one under Chapter 7 will be treated as the date of the Order For Relief and all applicable deadlines shall be determined as if the post-conversion Meeting of Creditors pursuant to 11 U.S.C. Section 341 was the initial Meeting of Creditors. However, deadlines to object to exemptions in a case converted to Chapter 7 shall be governed by the requirements of Fed BK Rule 1019.

| /s/ Danielle M. Miller | /s/ Willie James Holloman, Jr. |
|---|---|
| **Danielle M. Miller** | **Willie James Holloman, Jr.** |
| Attorney for Debtor | Debtor |
| **23843 Joy Road** | |
| **Dearborn Heights, MI 48127** | |
| Street Address | |
| **Dearborn Heights**, **MI 48127-0000** | |
| City, State and Zip Code | Joint Debtor |
| fregolaw@aol.com | |
| E-Mail Address | **January 23, 2017** |
| **(313) 724-5088** | Date |
| Phone Number | |

# ATTACHMENT 1

## LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | 187,000.00 | 153,017.00 | 16,991.50 | 6,99150 | 10,000.00 |
| **REAL ESTATE OTHER THAN PERSONAL RESIDENCE** | 374,750.00 | 308,767.90 | 65,982.10 | 6,149.30 | 59,832.80 |
| **HHG/PERSONAL EFFECTS** | 5,750.00 | 0.00 | 5,750.00 | 5,750.00 | 0.00 |
| **JEWELRY** | 1,500.00 | 0.00 | 1,500.00 | 1,500.00 | 0.00 |
| **CASH/BANK ACCOUNTS** | 75.70 | 0.00 | 75.70 | 75.70 | 0.00 |
| **VEHICLES** | 27,500.00 | 30,100.00 | 4,500.00 | 4,500.00 | 0.00 |
| Interest in Life Insurance (No cash value) Term Life | 1.00 | 0.00 | 1.00 | 1.00 | 0.00 |
| (2) Desks, (2) Chairs, (1) Laptop Computer, (1) Printer, Conference Table and Chairs | 1,000.00 | 0.00 | 1,000.00 | 1,000.00 | 0.00 |
| BJ & K Enterprises (50% Shareholder with Wife) Value includes property located at 452 Arthur which is solely in the name of BJ&K Enterprises | 22,020.00 | 0.00 | 11,010.00 | 2,500.00 | 8,510.00 |

| | |
|---|---|
| Amount available upon liquidation | $ 78,342.88 |
| Less administrative expenses and costs | $ 59,624.04 |
| Less priority claims | $ 0.00 |
| Amount Available in Chapter 7 | $ 18,718.84 |

**ATTACHMENT 2**

CHAPTER 13 MODEL WORKSHEET
LOCAL BANKRUPTCY RULE 3015-1(B)(2 E.D.M.)

1. Length of Plan is **60** months

2. Initial Plan Payment:
   $**9,643.20** per month x **60** months = $**578,592.00** (subtotal)

3. Additional Payments: $_____ per=

4. Lump Sums: $0.00

5. Total to be paid into Plan (total of lines 2 through 4) $**578,592.00**

6. Estimated Disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated trustee's fees — $**42,858.66**

   b. Estimated Attorney Fees and costs through confirmation of plan — $**5,500.00**

   c. Estimated Attorney Fees and costs Post-confirmation through duration of Plan — $**3,500.00**

   d. Estimated Fees of Other Professionals — $0.00

   e. Total mortgage and other continuing secured debt payments — $**89,038.80**

   f. Total non-continuing secured debt payments (including interest) — $**386,686.78**

   g. Total priority claims — $0.00

   h. Total arrearage claims — $**29,721.56**

7. Total Disbursements other than to Class 9 General Unsecured Creditors (Total of lines 6.a through 6.h) — $ **557,305.80**

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors (item 5 minus item 7) — $ **21,286.20**

9. Estimated dividend to Class 9 General Unsecured Creditors in Chapter 7 proceeding (see liquidation analysis on page 6) — $ **18,718.84**

COMMENTS: